Argued and submitted January 20, reversed and remanded for new trial May 6, 1987

## STATE OF OREGON,
*Respondent,*

*v.*

## DEE JAY SICKLES,
*Appellant.*

(M 710015; CA A40834)

736 P2d 223

Glenn N. Solomon, Salem, argued the cause and filed the brief for appellant.

Jens Schmidt, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

After a bench trial, defendant was convicted of driving while suspended (DWS). ORS 811.175. He appeals, arguing that the trial court erred in rejecting his affirmative defense of lack of notice. We reverse and remand.

The parties stipulated that on April 17, 1986, defendant was driving a motor vehicle on a public highway while his driver's license was suspended. Defendant raised a lack of notice defense. At trial he testified that, on February 20, 1986, he had moved into his car because of marital problems. Defendant's wife testified that on March 1 she accepted delivery of an envelope from the Motor Vehiciles Division (MVD) and signed the return receipt.[1] The envelope contained a notice of intent to suspend defendant's driver's license on March 5. His wife testified that she did not open the envelope. She placed it in a drawer and never told defendant about it. In mid-March, defendant reconciled with his wife, and they moved to a different residence. On cross-examination, defendant testified that he had not notified MVD of his move to the car. Immediately after he made that statement, the trial court ruled *sua sponte* that the defense of lack of notice was not available. The court then found defendant guilty.

ORS 811.180(1)(b) provides that

"it is an affirmative defense [to a DWS charge that t]he defendant had not received notice of the defendant's suspension * * *."

The lack of notice defense is not available if

"[t]he notice of suspension or revocation *could not be delivered* to the defendant *because* the defendant failed to * * * notify the division of a change of address or residence [within 30 days of the change]." ORS 811.180(2)(b). (Emphasis supplied.) *See also* ORS 807.560.

There are two issues. The first is whether defendant can raise the lack of notice defense. That depends on whether the state proved that defendant's failure to notify MVD of his temporary move to his car caused the notice not to be delivered to him. If defendant can raise the defense, the next issue is

---

[1] MVD sent the notice certified mail, restricted delivery, return receipt requested to defendant's address as shown by MVD records. *See* ORS 809.430(3)(a).

whether he affirmatively proved that he did not receive notice within the meaning of the statute. We hold that the defense was available, and remand to determine whether he received the statutory notice.

We assume, without deciding, that defendant's living in his car was a "change of address" requiring him to notify MVD of the change. MVD delivered the notice approximately eight days after defendant moved. At the time the notice was delivered, he still had more than twenty days in which to notify MVD of the change of his address. There is no causal relationship between defendant's failure to report his change of address within 30 days and the delivery to his former address. The lack of notice defense is therefore available to defendant, unless his failure to change his address caused MVD not to redeliver a *second* notice. The state failed to prove that MVD would have done so. Thus, the trial court erred in ruling that the defense is not available to defendant.

The state urges us to rule on the merits of defendant's defense. However, because defendant was not permitted to assert the defense, the record does not disclose the legal or factual basis of defendant's position that he had not received notice within the meaning of ORS 811.180(1)(b). Without a sufficient record, we cannot rule on the merits.

Reversed and remanded for a new trial.